# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

ADRIAN JOHNSON,

       Plaintiff,

vs.

BARRY JENSEN, *et al.*,

       Defendants.

2:18-cv-01889-RFB-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 1] AND COMPLAINT [ECF No. 1-1]

Before the Court is pro se Plaintiff Adrian Johnson's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the following reasons, Plaintiff's *in forma pauperis* application is granted. (ECF No. 1). The Court, however, orders that Plaintiff's complaint be dismissed without prejudice. (ECF No. 1-1).

## DISCUSSION

Plaintiff's filing present two questions: (1) whether Plaintiff may proceed *in forma pauperis* and (2) whether Plaintiff's complaint states a plausible claim for relief.

### I.    Plaintiff's Application to Proceed *In Forma Pauperis* is Granted.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiff's affidavit, he is currently unemployed and incarcerated. (ECF No. 1 at 1, 3). According to Local Special Rule 1-2 an inmate who submits an application to proceed *in forma pauperis* must "simultaneously submit a certificate from the institution

certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." Plaintiff submitted a copy of his inmate balance history report to show that he cannot afford to pay fees in this case. (*Id.* at 6). Therefore, Plaintiff's application to proceed in forma pauperis (ECF No. 1) is granted.

## II. Plaintiff's Complaint Fails to State a Claim Upon Which the Court May Grant Relief.

28 U.S.C. § 1915 also requires that, should the Court grant an application to proceed in forma pauperis, the Court must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Recitation "of a cause of action's elements supported by mere conclusory statements" is insufficient to meet this standard. *Id.*

Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) "However, a liberal interpretation of a civil rights complaint may not supply the essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Courts will dismiss a pro se plaintiff's complaint "if [it] fails to reasonably inform the adverse party of the basis for the cause of action." *Wilkinson v. United States*, No. C-92-4095 EFL, 1993 U.S. Dist. LEXIS 615 at *3 (N.D. Cal. Jan. 14, 1993) (citing *In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105 (D. Nev. 1982)).

Plaintiff filed a 42 U.S.C. § 1983 complaint against two Las Vegas Metropolitan Police Department Detectives and two Clark County District Attorneys. (ECF No. 1-1 at 1-2). Plaintiff asserts

his Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendment rights have all been violated by the actions of the two detectives and two district attorneys in falsely arresting and imprisoning Plaintiff. Plaintiff asserts that no warrants should have been issued, he should not have been arrested, the detective's investigation that resulted in Plaintiff being incarcerated was botched, the District Attorneys violated his right by not notifying him of the grand jury trial. (*Id.* at 4-8).

Plaintiff's jumbled assertions are difficult to follow manner. He seems to be appealing his State Court case and, on that basis, claims he was wrongfully incarcerated. (*Id.*). However, "§ 1983 [i]s not the proper vehicle for claims for relief which directly challenge the lawfulness of the plaintiff's conviction, sentence or the fact or duration of confinement." *Hand v. Young*, 868 F. Supp. 289, 291 (D. Nev. 1994). "§ 1983 is not a backdoor through which a federal court may overturn a state court conviction." *Houston v. City of Carson*, No. 3:14-cv-00687-MMD, 2015 U.S. Dist. LEXIS 113814, at 4* (D. Nev. Aug. 27, 2015). State court convictions are generally challenged through habeas corpus proceedings "requiring exhaustion of state remedies…to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). However, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. Plaintiff gives no indication in his complaint that their state court convictions have been challenged, much less overturned in some manner, by a state or federal court.

Plaintiff also asserts Double Jeopardy, but does not clearly state how his previous cases would have been double jeopardy. (ECF No. 1-1 at 3-4). The Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997). The Plaintiff would need to show that he was punished twice for the same criminal offenses by providing more details.

Because the complaint does not show Plaintiff is entitled to relief, the complaint must be dismissed. It is possible the complaint's deficiencies may be cured by an amendment regarding steps taken in the state court system to challenge the conviction, by asserting more concrete Constitutional violations with additional facts, and by clarifying or removing the double jeopardy claim. Therefore, Plaintiff will have an opportunity to amend his complaint.

## CONCLUSION

ACCORDINGLY, and for good cause,

IT IS ORDERED that Plaintiffs' Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until November 16, 2018 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 16th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE