# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BARRY JENSEN, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-01889-RFB-VCF<br><br>ORDER |

    Before the Court is the Report and Recommendation of the Honorable Cam Ferenbach. ECF No. 4. Magistrate Judge Ferenbach recommends dismissing the action with prejudice given that Plaintiff failed to timely file an amended complaint or an objection to the Court's Order. Plaintiff objects to the Report and Recommendation, ECF No. 6, seeks the appointment of counsel, ECF No. 8 (denied by Magistrate Judge Ferenbach on January 9, 2019), and moves for an extension of time to amend his complaint, ECF No. 7.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>see also</u> Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de novo or otherwise, of the report and recommendations of a magistrate judge. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985).

///

To begin, the Court notes that Plaintiff fails to put forth any substantive objections to Magistrate Judge Ferenbach's Report and Recommendation. His objections instead focus on his motion to extend time to amend his Complaint.

Despite the lack of any substantive objections to the Report and Recommendation, the Court has reviewed the record de novo and now accepts and adopts Magistrate Judge Ferenbach's findings and recommendations. The Court finds that Plaintiff failed to file an Amended Complaint within the deadline imposed by the Court in its November 16, 2018 Order. <u>See</u> ECF No. 4. The Court further finds that Plaintiff did not timely object to the October 16, 2018 that dismissed Plaintiff's Complaint without prejudice. <u>See</u> ECF No. 3; <u>see generally</u> case docket (lacking an objection to ECF No. 3). The Court acknowledges that Plaintiff sought the appointment of counsel and an extension of time to file an amended complaint. However, the Court finds that amendment of the Complaint—even through appointed counsel—would be futile for the reasons discussed in the October 16, 2018 Order. Namely, Plaintiff cannot assert the claims contained in his Complaint without first invalidating his underlying conviction or sentence. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994). Further, his claim under the Double Jeopardy Clause is incognizable. <u>See</u> ECF No. 3.

IT IS THEREFORE ORDERED that the Report and Recommendation (ECF No. 4) by Magistrate Judge Cam Ferenbach is ACCEPTED AND ADOPTED. The Court dismisses this matter for failure to timely file an amended complaint in violation of the Court's November 2018 Order and for the reasons set forth in the October 2018 Order that dismissed this matter without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED with prejudice as amendment would be futile.

IT IS FUTHER ORDERED that Plaintiff's Motion for Extension of Time (ECF No. 7) is DISMISSED.

IT IS FURTHER ORDERED that any appeal of this decision would not be taken in good faith as Plaintiff's claims under 42 U.S.C. § 1983 are clearly barred unless Plaintiff first invalidates

/ / /

his conviction or sentence through the proper legal avenues and his claim under the Double Jeopardy Clause is incognizable.

IT IS FUTHER ORDERED that the Clerk of the Court is directed to enter judgment and close this matter accordingly.

**DATED:** February 13, 2019.



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**